IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LISA HARALSON                                                                                         PLAINTIFF

v.                                            4:20-cv-00721-JM-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                                                DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Lisa Haralson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty years old at the time of the administrative hearing. (Tr. 55.) She earned bachelor's degree in elementary education (*id.*) and has past relevant work as an elementary school teacher. (Tr. 32.)

The ALJ[1] found Ms. Haralson had not engaged in substantial gainful activity since September 11, 2014, the alleged onset date. (Tr. 22.) She has "severe" impairments in the form of chronic obstructive pulmonary disease, depression, anxiety, migraines, hearing loss, and carpal tunnel syndrome. (Tr. 23.) The ALJ further found Ms. Haralson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404,

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Subpart P, Appendix 1.[2]  (Tr. 24-26.)

The ALJ determined Ms. Haralson had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments.  (Tr. 26.)  Based on the residual functional capacity assessment, the ALJ determined Ms. Haralson could no longer perform her past relevant work.  (Tr. 32.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  Based on the testimony of the vocational expert, (Tr. 71-74), the ALJ determined she could perform the jobs of cafeteria attendant and assembler.  (Tr. 33, 87-89.)  Accordingly, the ALJ determined Ms. Haralson was not disabled.  (Tr. 22.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-3.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff contends the ALJ erred in failing to find her seizure disorder was a "severe" impairment.  (Doc. No. 15 at 12-15.)  Plaintiff correctly notes that her doctors listed seizures under "assessments," but a "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The medical evidence simply fails to support an allegation her seizures amounted to a "severe" impairment. Accordingly, I find the ALJ could rightly determine Plaintiff's seizure disorder was not a severe impairment.

Plaintiff further argues that the ALJ incorrectly discounted the opinions of her treating doctor, Olabode Olumofin, M.D. Dr. Olumofin provided a Treating Physician's Report for Seizure Disorder and Treating Physician's Migraine Headache Form. (Tr. 698-700.) If fully credited, Dr. Olumofin's opinions would likely mean that Plaintiff is disabled. However, the ALJ gave little weight to his opinions. The ALJ stated:

> The undersigned gives little weight to Dr. Olumofin's opinions because the opinions are overly restrictive and inconsistent with the claimant's objective medical records as detailed above. Further, Dr. Olumofin's opinion is inconsistent with his own objective medical findings. The claimant had mostly normal physical exams with Dr. Olumofin (8F/16, 22, 25, 31, 11F/6, 12F/17, 24, 30, 16F/3, 7, 19F/1, 9, 19).
>
> While Dr. Olumofin wrote that the claimant reported 12 seizures per month (9F/1), there were no objective signs of seizure activity (24F/1). Thus, the undersigned gives little weight to Dr. Olumofin's opinions, as this provider's own records do not demonstrate such extreme limitations.
>
> In sum, the above residual functional capacity assessment is supported by the objective medical evidence contained in the record and the claimant's statements regarding daily activities.

> The claimant does experience some limitations but only to the extent described in the residual functional capacity above.

(Tr. 32.)

Plaintiff correctly notes that her treating doctor should generally be given deference. However, after a close review of the medical evidence, I find that ALJ properly evaluated the opinions of Dr. Olumofin. Most importantly, the ALJ is correct that Dr. Olumofin's treatment notes fail to support his conclusions. Dr. Olumofin reported, *inter alia*, that Plaintiff had 2-3 seizures per week with numbness on the right side of her face and blackouts. (Tr. 698.) He also reported Plaintiff suffered from migraines occurring more than once a week lasting 4-6 hours and requiring her to miss one day of work every week. (Tr. 700.) A close examination of Plaintiff's treatment notes reflects Dr. Olumofin greatly exaggerated Ms. Haralson's limitations. (Tr. 689-90, 692-93, 695, 705-06, 708, 711, 729, 733, 736, 739, 742, 745, 749, 752, 755, 758, 799, 803, 811, 887, 895, 905.) Accordingly, the ALJ correctly gave little weight to his opinions.

> As the United States Court of Appeals for the Eighth Circuit has reiterated:
>
> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Plaintiff clearly suffers from limitation with the combination of her impairments. And her

counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ recited in her opinion, Ms. Haralson "does experience some limitations but only to the extent described in the residual functional capacity above." (Tr. 32.) This finding is supported by Plaintiff's own medical records.

Plaintiff has advanced other arguments – including that the ALJ erred in failing to consider whether Plaintiff's need for a breathing machine would impact her ability to perform other jobs at Step 5 – which I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points. (Doc. No. 16 at 9.)

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of March 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE